UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAVELYN ANAHY RODRIGUEZ AGUSTIN and A.E.R.A., | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 3:25-CV-1118-X |
| DAVID ROARK and KIKA SCOTT, | § § § § § | |
| *Defendants.* | § § | |

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

The Court on its own motion has considered its subject matter jurisdiction over this action. The Court determines is lacks subject matter jurisdiction and, as a result, **DISMISSES WITHOUT PREJUDICE** all claims in this action. Further, the Court **DENIES WITHOUT PREJUDICE** all other outstanding motions. The plaintiffs may refile their complaint within twenty-eight (28) days, which should address this Court's subject-matter jurisdiction over their claims to avoid dismissal with prejudice.

Mavelyn Anahy Rodriguez Agustin is a citizen of Guatemala and an asylee in the United States. Her son, A.E.R.A., is a minor who is still in Guatemala. Agustin filed a Form I-730, a Refugee/Asylee Relative Petition in 2020, which was denied. Later on, U. S. Citizenship and Immigration Services (the Agency) reopened the petition in September of 2023. Agustin asserts that the Agency has taken too long to adjudicate the Form I-730 petition, because "Congress has directed USCIS to process

1

immigration benefit applications within 180 days of the initial filing of the application."[1]

However, the actual language of the statute cited falls far short of mandating a timeframe for adjudication. The statute reads: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ."[2] But the sense of Congress does not mandate a timeframe. Neither does the use of the word "should," which in this context means "pretty please with a cherry on top." Pretty pleases are not directives—there remains discretion as to the timeframe for the Agency. Indeed, the Fifth Circuit previously recognized that that statute "merely expresses Congress's sense of the adjudicative process."[3] Not only that, 8 U.S.C. § 1252(a)(2)(A) precludes judicial review "of the pace of the USCIS's decision-making process, '[n]otwithstanding any other provision of law (statutory or nonstatutory).'"[4]

Therefore, the Court lacks jurisdiction over this dispute and, as a result, the Court **DISMISSES WITHOUT PREJUDICE** this action. Further, the Court **DENIES WITHOUT PREJUDICE** all other outstanding motions. The plaintiffs may refile their complaint within twenty-eight (28) days, which should address this Court's subject-matter jurisdiction over their claims to avoid dismissal with prejudice.

---

[1] Doc. 1 at 5 (citing 8 U.S.C. § 1571(b)).

[2] 8 U.S.C. § 1571(b).

[3] *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010), *vacated*, No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010).

[4] *Id.* (quoting 8 U.S.C. § 1252(a)(2)(A)).

**IT IS SO ORDERED** this 3rd day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE